DIANE E. WINTER

FILED
FEB 0 2 2017
Eri Cartwyut Weinstein
CIRCUIT CLERK

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| IAN MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: **17 L 95** |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, a Minnesota | ) | |
| Corporation d/b/a TARGET STORES, | ) | |
| and/or DAYTON HUDSON | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, IAN MURRAY, by and through his attorneys, O'CONNOR LAW FIRM, LTD., and for his Complaint at Law against the Defendants, TARGET CORPORATION, d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, states as follows:

### COUNT I
*TARGET CORPORATION, d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION CREATED AN UNSAFE CONDITION*

1. On February 6, 2015, and at all times relevant, Plaintiff, IAN MURRAY, was a resident of the Village of Hawthorn Woods, County of Lake, State of Illinois.

2. On February 6, 2015, and at all times relevant, Defendant, TARGET CORPORATION, d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, was a Minnesota Corporation(s) duly created and existing under the laws of Minnesota doing business in Illinois as TARGET STORES.

**NOTICE**
PURSUANT TO LCR - 2-2.14
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM 305 ON
5/4/2017 AT 9 A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.

**EXHIBIT A**

3. That on February 6, 2015, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, owned, operated, managed, maintained and controlled a certain commercial premises and Target store located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

4. That on February 6, 2015, Plaintiff, IAN MURRAY, was lawfully on the aforementioned premises of Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, to pick up certain boxed items donated for charity by Defendant to St. Francis de Sales Church.

5. That on February 6, 2015, and prior thereto, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, it's agents, employees and/or servants had instructed Plaintiff, IAN MURRAY, and his mother, that the only location Plaintiff was to use to pick-up the boxed items donated for charity by Defendant was the loading dock area designated for pick-ups and drop-offs by Defendant on the premises of Defendant's TARGET STORE, located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

6. That on or about February 6, 2015, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, owned, operated, managed, maintained and controlled the Target Store, parking lot and loading dock designated for pick-ups and drop-offs on the subject commercial premises located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

7. That prior to February 6, 2015, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, constructed and/or controlled the construction and/or maintenance of the Target Store, parking lot and loading dock designated for pick-ups and drop-offs located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

8. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, individually and/or by and through its duly authorized agents and/or servants, constructed the parking lot and loading dock area designated for pick-ups and drop-offs with an inappropriate grade or slant causing rainwater and snow to pool and freeze causing an unnatural accumulation of snow and ice.

9. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, individually and/or by and through its duly authorized agents and/or servants, were required to construct the aforesaid parking lot and loading dock designated for pick-ups and drop-offs with appropriate drainage for snow and rainwater runoff.

10. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, individually and/or by and through its duly authorized agents and/or servants, failed to construct appropriate drainage systems for snow and rainwater runoff causing rainwater to pool and freeze in the parking lot and loading dock designated for pick-ups and drop-offs causing an unnatural accumulation of snow and ice.

11. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, individually and/or by and through its duly authorized agents and/or servants, in their construction and maintenance of the parking lot and loading dock designated for pick-ups and drop-offs, were required to pour the concrete and/or lay the asphalt for the parking lot and loading dock in such a manner that it formed an even, level and planar surface.

12. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, had a duty to maintain and repair the parking lot and loading dock designated for pick-ups and drop-offs such that it provided an even, level and planar surface.

13. That at the aforesaid time and place, Defendant, TARGET CORPRATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, failed to maintain and repair the parking lot and loading dock area designated for pick-ups and drop-offs thereby created an unreasonably dangerous and unsafe condition for those persons directed to use said areas, including Plaintiff, IAN MURRAY, and others.

14. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, knew or in the exercise of ordinary and reasonable care should have known, the parking lot and loading dock designated for pick-ups and drop-offs was uneven, and the concrete, asphalt and/or other substance constituting said parking lot and loading dock area formed a non-planar, deteriorated and depressed area causing rainwater to pool creating an unnatural accumulation of snow and ice to form which

presented an unreasonable risk of harm to persons on the property, including Plaintiff, IAN MURRAY, and others.

15. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, individually and/or by and through its duly authorized agents and/or servants, improperly plowed snow on the parking lot and loading dock designated for pick-ups and drop-offs causing an unnatural accumulation of snow and ice to form due to rainwater runoff.

16. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, individually and/or by and through its duly authorized agents and/or servants, improperly plowed snow near the loading dock area and parking lot causing said area to deteriorate creating an unsafe depressed area causing an unnatural accumulation of snow and ice to form due to rainwater runoff and to refreeze creating an unreasonably dangerous condition.

17. Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, knew or in the exercise of ordinary and reasonable care should have known, that it created an unsafe and dangerous condition in the depressed area where the rainwater pooled and froze creating an unnatural accumulation of snow and ice.

18. That on February 6, 2015, Plaintiff, IAN MURRAY, was walking on the loading dock area designated for pick-ups and drop-offs as instructed by Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, it's

agents, employees and/or servants, to the parking lot, located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

19. That on February 6, 2015, said negligent construction and/or maintenance of the loading dock area and parking lot and the unnatural accumulation of snow and ice created by such negligent construction and/or maintenance, caused the Plaintiff, IAN MURRAY, to slip and fall while walking from the loading dock area to the parking lot of the premises of Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

20. That on February 6, 2015, and at all times relevant, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, had a duty to construct and maintain its parking lot and loading dock designated for pick-ups and drop-offs in a reasonably safe manner for the protection of members of the general public including Plaintiff, IAN MURRAY, to safely walk upon.

21. That not withstanding the aforementioned duty, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, was then and there negligent in one or more of the following acts and/or omissions:

    a. poured and/or laid the parking lot and/or loading dock designated for pick-ups and drop-offs without appropriate grade or slant which caused rainwater runoff to pool thereby creating an unnatural accumulation of snow and ice to form;

    b.    failed to pour an appropriate curb and gutter system for rainwater runoff causing rainwater runoff to pool creating an unnatural accumulation of snow and ice to form;

    c.    failed to provide a proper sub base for the parking lot and/or loading dock designated for pick-ups and drop-offs to prevent cracking, deterioration and depression of certain areas of the loading dock adjoining the parking lot which caused rainwater runoff to pool creating an unnatural accumulation of snow and ice to form;

    d.    improperly plowed and/or shoveled snow in the parking lot and/or loading dock designated for pick-ups and drop-offs which created an unnatural accumulation of ice and snow to form due to rainwater runoff;

    e.    failed to properly maintain the parking lot and loading dock designated for pick-ups and drop-offs at the Target Store building in a safe and reasonable manner so as not to create an unsafe condition causing certain areas to become deteriorated and depressed causing an unnatural accumulation of snow and ice to form due to rainwater runoff; and

    f.    failed to inspect the condition of the parking lot and/or loading dock area with sufficient frequency so as to discover the condition of said areas when Defendant knew or should have known that such frequent inspections were necessary to prevent injury to those lawfully on the premises including Plaintiff and others;

    g.    otherwise failed to construct and maintain the parking lot and loading dock designated for pick-ups and drop-offs in a reasonably safe manner for members of the general public.

22.    That as a direct and proximate result of the conduct of the Defendant, as aforesaid, the Plaintiff was injured externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out,

expend and become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the Plaintiff, IAN MURRAY, prays for judgement against the Defendant, TARGET CORPORATION, a Minnesota Corporation d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, in excess of $50,000.00, plus the costs of this action.

## COUNT II
## PREMISES LIABILITY ACT

1. On February 6, 2015, and at all times relevant, Plaintiff, IAN MURRAY, was a resident of the Village of Hawthorn Woods, County of Lake, State of Illinois.

2. On February 6, 2015, and at all times relevant, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, was a Minnesota Corporation(s) duly created and existing under the laws of Minnesota doing business in Illinois as TARGET STORES.

3. That on February 6, 2015, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, owned, operated, managed, maintained and controlled a certain commercial premises Target store, parking lot and loading dock located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

4. That on February 6, 2015, Plaintiff, IAN MURRAY, was lawfully on the aforementioned premises of Defendant, TARGET CORPORATION d/b/a TARGET STORES

and/or DAYTON HUDSON CORPORATION, to pick up certain boxed items donated for charity by Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, to St. Francis de Sales Church.

5. That on February 6, 2015, and prior thereto, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, it's agents, employees and/or servants had instructed Plaintiff, IAN MURRAY, and his mother, that the only location Plaintiff was to use to pick-up the boxed items donated for charity by Defendant was the loading dock area designated for pick-ups and drop-offs by Defendant on the premises of Defendant's TARGET STORE, located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

6. That on or about February 6, 2015, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, owned, operated, managed, maintained and controlled the Target Store, parking lot and loading dock on the subject commercial premises located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois.

7. That at the aforesaid time and place, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, individually and/or by and through its duly authorized agents and/or servants, was required to maintain the aforesaid parking lot and loading dock designated for pick-ups and drop-offs on the subject premises.

8. That at the aforesaid time and location, and for a long time prior thereto, said parking lot and loading dock area was uneven, and the concrete, asphalt and/or other substance

constituting said area was or otherwise formed a non-planar, deteriorated and depressed area, causing an unnatural accumulation of snow and ice to form therein and refreeze which presented an unreasonable risk of harm to persons on the property, including Plaintiff, IAN MURRAY, and others.

9.  That at all times stated above, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, knew or in the exercise of ordinary and reasonable care should have known, said parking lot and loading dock designated for pick-ups and drop-offs was uneven and the concrete, asphalt or other substance constituting said area was or otherwise formed a non-planar, deteriorated and depressed area.

10. Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, knew, or in the exercise of ordinary and reasonable care should have known of the unsafe and dangerous condition it created in the depressed area where the rainwater pooled and froze, and created an unnatural accumulation of snow and ice.

11. That on February 6, 2015, Plaintiff, IAN MURRAY, was walking on the loading dock to the parking lot as instructed by Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, its agents, employees and/or servants, at which time the unnatural accumulation of ice in the deteriorated and depressed area caused Plaintiff to slip and fall, thus sustaining injuries of a personal and pecuniary nature.

12. That on February 6, 2015, and at all times relevant, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, had a duty to create and maintain the parking lot and loading dock area designated for pick-ups and

drop-offs in a reasonably safe manner for the protection of members of the general public including Plaintiff, IAN MURRAY, to safely walk upon.

13. That not withstanding the aforementioned duty, Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, then and there committed one or more of the following negligent acts and/or omissions:

    a. failed to keep the public area, including the parking lot and loading dock designated for pick-ups and drop-offs on the subject premises in a reasonably safe condition for members of the public to use;

    b. allowed a hazard to remain on the premises located at 555 S. Rand Road in the Village of Lake Zurich, County of Lake, State of Illinois, so as to constitute an unreasonable risk of harm to members of the general public using the same;

    c. failed to restore pavement in the parking lot and/or loading dock area designated for pick-ups and drop-offs in accordance with its construction standards;

    d. failed to adequately maintain said parking lot and/or loading dock area;

    e. failed to place any warning signs, barricades or other warning devices to notify those persons lawfully upon the premises of the existence of the hidden aforementioned dangers;

    f. failed to properly maintain the parking lot and loading dock on the subject premises in a safe and reasonable manner so as not to create an unsafe condition where certain areas became deteriorated and depressed causing an unnatural accumulation of snow and ice to form due to rainwater runoff;

    g. was otherwise careless and negligent in the ownership, operation, maintenance and management of the subject premises, namely the parking lot and loading dock area designated for pick-ups and drop-offs.

14. That as a direct and proximate result of the conduct of the Defendant, TARGET CORPORATION d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, as aforesaid, the Plaintiff was injured externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the Plaintiff, IAN MURRAY, prays for judgement against the Defendant, TARGET CORPORATION, a Minnesota Corporation d/b/a TARGET STORES and/or DAYTON HUDSON CORPORATION, in excess of $50,000.00, plus the costs of this action.

Respectfully Submitted,

O'CONNOR LAW FIRM, LTD.

Robert Ryan Arroyo

O'CONNOR LAW FIRM, LTD.
19 S. LaSalle St., Ste. 1400
Chicago, Illinois 60603
P: (312) 906-7609
F: (312) 906-7615
Attorney No.: 6216627
firm@koconnorlaw.com